UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GRACIELA BRETSCHNEIDER DONCOUSE,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>PQ NEW YORK, INC. d/b/a LE PAIN QUOTIDIEN AND HEROIC MULTIPLIER, LLC,<br><br>　　　　　　　　　　　　Defendant. | Index No.: 18-cv-5539 (PAE)(KNF)<br><br>**DEFENDANT PQ NEW YORK, INC. d/b/a LE PAIN QUOTIDIEN'S ANSWER AND AFFIRMATIVE AND OTHER DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT** |

　　　　Defendant PQ New York, Inc., d/b/a Le Pain Quotdien ("Defendant"), by and through its undersigned attorneys, Jackson Lewis P.C., respectfully submits the following Answer and Affirmative and Other Defenses to Plaintiff's First Amended Complaint (the "Complaint"), in the above-captioned action.

　　　　Defendant denies each and every allegation set forth in the first unnumbered paragraph of Plaintiff's First Amended Complaint, except admits Plaintiff purports to bring this action against Defendant and Defendant Heroic Multiplier, LLC seeking compensatory relief, attorneys' fees and costs pursuant to 42 U.S.C. §12181 et seq. of the Americans with Disabilities Act ("ADA"), the New York Human Rights Law ("NYCHRL") and the New York State Human Rights Law ("NYSHRL").

## AS TO "JURISDICTION AND PARTIES"

　　　　1.　　Defendant denies each and every allegation set forth in Paragraph "1" of Plaintiff's First Amended Complaint, except admits that Plaintiff purports to proceed as alleged therein.

2. Defendant denies each and every allegation set forth in Paragraph "2" of Plaintiff's First Amended Complaint, except admits Plaintiff purports to proceed as alleged therein.

3. Defendant denies each and every allegation set forth in Paragraph "3" of Plaintiff's First Amended Complaint, except admits Plaintiff alleges the premises and the events giving rise to this lawsuit is located at 100 Grand Street, New York, New York 10013 (the "Premises").

4. Defendant denies each and every allegation set forth in Paragraph "4" of Plaintiff's First Amended Complaint, except admits Plaintiff alleges venue is proper in this Court as the Premises is located in the State of New York, County of New York.

5. Defendant admits the allegations in Paragraph "5" of Plaintiff's First Amended Complaint as it pertains to this answering Defendant, and denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Defendant Heroic Multiplier, LLC.

6. Defendant denies each and every allegation set forth in Paragraph "6" of Plaintiff's First Amended Complaint, except admits that Defendant leases the premises subject to this action.

7. The allegations in Paragraph "7" of Plaintiff's First Amended Complaint state conclusions of law to which no response is required under the Federal Rules of Civil Procedure. To the extent that a response is required, Defendant denies each and every allegation set forth in Paragraph "7" of Plaintiff's First Amended Complaint, and respectfully refers the Court to the statute cited therein for its full and accurate content, and avers Defendant operates a bakery-restaurant at the Premises.

8. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "8" of Plaintiff's First Amended Complaint, except admits Defendant leases the premises from Heroic Multiplier c/o Karen Chaplin.

9. The allegations in Paragraph "9" of Plaintiff's First Amended Complaint state conclusions of law to which no response is required under the Federal Rules of Civil Procedure. To the extent that a response is required, Defendant denies each and every allegation set forth in Paragraph "9" of Plaintiff's First Amended Complaint, and respectfully refers the Court to the statute cited therein for its full and accurate content, and avers Defendant operates a bakery-restaurant at the Premises.

10. The allegations in Paragraph "10" of Plaintiff's First Amended Complaint state conclusions of law to which no response is required under the Federal Rules of Civil Procedure. To the extent that a response is required, Defendant denies each and every allegation set forth in Paragraph "10" of Plaintiff's First Amended Complaint, and respectfully refers the Court to the statute cited therein for its full and accurate content.

11. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "11" of Plaintiff's First Amended Complaint.

12. Defendant denies each and every allegation set forth in Paragraph "12" of Plaintiff's First Amended Complaint.

13. Defendant denies each and every allegation set forth in Paragraph "13" of Plaintiff's First Amended Complaint.

**AS TO "COUNT I – VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT"**

14. The allegations in Paragraph "14" of Plaintiff's First Amended Complaint state conclusions of law to which no response is required under the Federal Rules of Civil Procedure To the extent that a response is required, Defendant denies each and every allegation set forth in Paragraph "14" of Plaintiff's First Amended Complaint, and respectfully refers the Court to the statute cited therein for its full and accurate content.

15. The allegations in Paragraph "15" of Plaintiff's First Amended Complaint state conclusions of law to which no response is required under the Federal Rules of Civil Procedure.  To the extent that a response is required, Defendant denies each and every allegation set forth in Paragraph "15" of Plaintiff's First Amended Complaint, and respectfully refers the Court to the statute cited therein for its full and accurate content.

16. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "16" of Plaintiff's First Amended Complaint, except admits there have been renovations at the bakery-restaurant in or about November 2017.

17. Defendant denies each and every allegation set forth in Paragraph "17" of Plaintiff's First Amended Complaint.

18. Defendant denies each and every allegation set forth in Paragraph "18" of Plaintiff's First Amended Complaint.

19. Defendant denies each and every allegation set forth in Paragraph "19" of Plaintiff's First Amended Complaint.

20. The allegations in Paragraph "20" of Plaintiff's First Amended Complaint state conclusions of law to which no response is required under the Federal Rules of Civil

Procedure.  To the extent that a response is required, Defendant denies each and every allegation set forth in Paragraph "20" of Plaintiff's First Amended Complaint, and respectfully refers the Court to the statute cited therein for its full and accurate content.

21. Defendant denies each and every allegation set forth in Paragraph "21" of Plaintiff's First Amended Complaint.

22. Defendant denies each and every allegation set forth in Paragraph "22" of Plaintiff's First Amended Complaint

23. Defendant denies each and every allegation set forth in Paragraph "23" of Plaintiff's First Amended Complaint.

24. The allegations in Paragraph "24" of Plaintiff's First Amended Complaint state conclusions of law to which no response is required under the Federal Rules of Civil Procedure.  To the extent that a response is required, Defendant denies each and every allegation set forth in Paragraph "24" of Plaintiff's First Amended Complaint, and respectfully refers the Court to the statute cited therein for its full and accurate content.

25. The allegations in Paragraph "25" of Plaintiff's First Amended Complaint state conclusions of law to which no response is required under the Federal Rules of Civil Procedure.  To the extent that a response is required, Defendant denies each and every allegation set forth in Paragraph "25" of Plaintiff's First Amended Complaint, and respectfully refers the Court to the statute cited therein for its full and accurate content.

**AS TO "COUNT II – VIOLATIONS OF THE NEW YORK CITY HUMAN RIGHTS LAW"**

26. Defendant repeats and realleges its responses set forth in Paragraphs "1" through "25," inclusive, of this Answer by reference as if fully set forth in response herein to allegations set forth in Paragraph "26" of Plaintiff's First Amended Complaint.

27. The allegations in Paragraph "27" of Plaintiff's First Amended Complaint state conclusions of law to which no response is required under the Federal Rules of Civil Procedure. To the extent that a response is required, Defendant denies each and every allegation set forth in Paragraph "27" of Plaintiff's First Amended Complaint, and respectfully refers the Court to the statute cited therein for its full and accurate content.

28. Defendant denies each and every allegation set forth in Paragraph "28" of Plaintiff's First Amended Complaint.

### AS TO "COUNT III – VIOLATIONS OF THE NEW YORK STATE HUMAN RIGHTS LAW"

29. Defendant repeats and realleges its responses set forth in Paragraphs "1" through "28," inclusive, of this Answer by reference as if fully set forth in response herein to allegations set forth in Paragraph "29" of Plaintiff's First Amended Complaint.

30. The allegations in Paragraph "30" of Plaintiff's First Amended Complaint state conclusions of law to which no response is required under the Federal Rules of Civil Procedure. To the extent that a response is required, Defendant denies each and every allegation set forth in Paragraph "30" of Plaintiff's First Amended Complaint, and respectfully refers the Court to the statute cited therein for its full and accurate content.

31. The allegations in Paragraph "31" of Plaintiff's First Amended Complaint state conclusions of law to which no response is required under the Federal Rules of Civil Procedure. To the extent that a response is required, Defendant denies each and every allegation set forth in Paragraph "31" of Plaintiff's First Amended Complaint, and respectfully refers the Court to the statute cited therein for its full and accurate content, and avers Defendant operates a bakery-restaurant at the Premises.

32. Defendant denies each and every allegation set forth in Paragraph "32" of Plaintiff's First Amended Complaint.

33. Defendant denies each and every allegation set forth in Paragraph "33" of Plaintiff's First Amended Complaint.

## AS TO "PRAYER FOR RELIEF"

34. Defendant denies each and every allegation set forth in Paragraph "34" of Plaintiff's First Amended Complaint, except admits Plaintiff alleges she demands compensatory damages in an amount to be determined by proof.

35. The allegations in Paragraph "35" of Plaintiff's First Amended Complaint state conclusions of law to which no response is required under the Federal Rules of Civil Procedure. To the extent that a response is required, Defendant denies each and every allegation set forth in Paragraph "35" of Plaintiff's First Amended Complaint, and respectfully refers the Court to the statute cited therein for its full and accurate content.

36. Defendant denies each and every allegation set forth in Paragraph "36" of Plaintiff's First Amended Complaint.

To the extent not otherwise denied, Defendant denies Plaintiff is entitled to any relief or remedy specified in the "WHEREFORE" clauses set forth in Plaintiff's First Amended Complaint.

## DEFENDANT'S AFFIRMATIVE AND OTHER DEFENSES

As further Answer to Plaintiff's First Amended Complaint, Defendant asserts the following affirmative and other defenses, each of which is a bar to Plaintiff's claims, without assuming any burden of production or proof that it would not otherwise have. Defendant reserves

the right to assert additional defenses as they may become known during the course of discovery and trial preparation or otherwise.

## AS AND FOR DEFENDANT'S FIRST DEFENSE

The Complaint fails, in whole or in part, to state a claim upon which relief can be granted or for which the damages sought can be awarded against Defendant.

## AS AND FOR DEFENDANT'S SECOND DEFENSE

Plaintiff's First Amended Complaint is barred, in whole or in part, to the extent Defendant relied on the directions and directives of the City of New York and/or County of New York permitting authorities regarding the accessibility of the subject premises.

## AS AND FOR DEFENDANT'S THIRD DEFENSE

Plaintiff's First Amended Complaint is barred in whole or in part to the extent the facilities provide equivalent or greater accessibility to Plaintiff and persons with disabilities.

## AS AND FOR DEFENDANT'S FOURTH DEFENSE

Defendant is not obligated to make any alterations sought by Plaintiff that would result in a fundamental alteration in the nature of Defendant's services, programs, or activities or in undue financial and administrative burdens, or would require structural changes in existing facilities where other methods are effective to achieve compliance under Title III of the Americans with Disabilities Act and/or applicable state and local public accommodation laws.

## AS AND FOR DEFENDANT'S FIFTH DEFENSE

The removal of any barriers by Defendant is excused to the extent such barrier removal is structurally infeasible and/or not readily achievable.

## AS AND FOR DEFENDANT'S SIXTH DEFENSE

Any work required for accessibility is excused to the extent such work would be disproportionate in cost and scope to any alterations Defendant has undertaken in the place of public accommodation.

## AS AND FOR DEFENDANT'S SEVENTH DEFENSE

Plaintiff claims are barred by the applicable statute of limitations.

## AS AND FOR DEFENDANT'S EIGHTH DEFENSE

Any changes Plaintiff advocates are barred to the extent they are practically difficult, pose an unnecessary hardship and/or are so extreme that such changes are not required and/or are subject to exception.

## AS AND FOR DEFENDANT'S NINTH DEFENSE

Plaintiff's claims are barred to the extent she lacks standing to pursue such claims.

## AS AND FOR DEFENDANT'S TENTH DEFENSE

At all times relevant to this action, Defendant acted honestly and in good faith to ensure full compliance with Title III of the ADA and all other applicable state and local public accommodation laws, to the extent readily achievable and/or required by law.

## AS AND FOR DEFENDANT'S ELEVENTH DEFENSE

Any recovery on the Complaint seeking injunctive relief is barred, in whole or in part, because Plaintiff is not entitled to such injunctive relief and has adequate remedies at law.

## AS AND FOR DEFENDANT'S TWELFTH DEFENSE

Plaintiff's claims should be dismissed to the extent they allege violations on property not owned by Defendants (including, without limitation, public sidewalks).

**AS AND FOR DEFENDANT'S THIRTEENTH DEFENSE**

On information and belief, to the extent that Plaintiff was not a bona fide consumer for services provided at the alleged place of public accommodation, Plaintiff lacks standing to pursue each and every claim for relief alleged in the Complaint.

**AS AND FOR DEFENDANT'S FOURTEENTH DEFENSE**

On information and belief, reasonably equivalent alternatives are provided and/or the Premises is accessible to the maximum extent feasible.

**AS AND FOR DEFENDANT'S FIFTEENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Plaintiff did not suffer any damages attributable to any allegedly wrongful conduct by Defendant and/or any damages or injuries were caused by Plaintiff's own conduct or the conduct of others.

**AS AND FOR DEFENDANT'S SIXTEENTH DEFENSE**

Defendant is relieved of any liability whatsoever as to Plaintiff's claims for damages set forth in the Complaint to the extent said claims arise solely from acts or omissions for which Defendant is not responsible.

**AS AND FOR DEFENDANT'S SEVENTEENTH DEFENSE**

Defendant is relieved of any liability whatsoever as to Plaintiff's claims for damages to the extent that Plaintiff seeks redress for physical and/or emotional injuries arising from preexisting physical or mental conditions.

**AS AND FOR DEFENDANT'S EIGHTEENTH DEFENSE**

The subject premises are located in a Historic District that is governed by the City of New York Landmark Preservation Commission and Apartment Corporation, and the

relief sought by Plaintiff would threaten or destroy the historic character of the building or its historically protected elements.

### AS AND FOR DEFENDANT'S NINETEENTH DEFENSE

Plaintiff's First Amended Complaint, and each and every claim for relief therein, fails to allege facts sufficient to obtain an award of punitive damages against Defendant.

### AS AND FOR DEFENDANT'S TWENTIETH DEFENSE

On information and belief, the Complaint, and each purported claim for relief alleged therein, is barred in that any construction or modification of the subject property was undertaken pursuant to the terms of the applicable laws, regulations, orders, and approvals relating to building construction, renovation and/or remodeling.

### AS AND FOR DEFENDANT'S TWENTY FIRST DEFENSE

Upon information and belief, the Complaint, and each purported claim for relief alleged therein, is barred by reason of the issuance by local building authorities of appropriate building permits and Certificates of Occupancy for the Subject Premises, and Defendant reasonably and in good faith relied upon same.

Defendant reserves the right to plead additional separate affirmative and other defenses which may be ascertained during the course of this action or otherwise.

**WHEREFORE**, Defendant respectfully requests the Court to:

 a. Dismiss the Complaint in its entirety, with prejudice;

 b. Deny each and every demand, claim and prayer for relief contained in Plaintiff's First Amended Complaint;

 c. Award Defendant the reasonable attorneys' fees and costs it incurs in defending this action; and

 d. Grant Defendant such other and further relief as the Court deems just and proper.

                          Respectfully submitted,

                          JACKSON LEWIS P.C.
                          666 Third Avenue, 29th Floor
                          New York, New York 10017-4030
                          (212) 545-4000

Dated:  January 4, 2019          By:    /s/ *Jennifer B. Courtian*_____
        New York, New York                   Jennifer B. Courtian
                                                Kenneth D. Sommer

                                                ATTORNEYS FOR DEFENDANT PQ NEW YORK, INC. d/b/a LE PAIN QUOTIDIEN

## CERTIFICATE OF SERVICE

    I hereby certify that on **January 4, 2019**, the foregoing Answer and Affirmative and Other Defenses was filed electronically with the Court's electronic transmission facilities pursuant to Fed. R. Civ. P. 5(b)(3) and Southern and Eastern District Local Civil Rule 5.2 and also served on Plaintiff through his counsel of record by U.S. Mail at the following address:

Bradly G. Marks, Esq.
The Marks Law Firm, P.C.
175 Varick Street, 3rd Floor
New York, New York 10014
*Attorneys for Plaintiff*
*Graciela Bretschneider Doncouse*

By:  /s/ Kenneth D. Sommer
    Kenneth D. Sommer, Esq.

4827-9946-3554, v. 2